LAW OFFICE OF
# Henry Putzel, III

565 FIFTH AVENUE  
NEW YORK, NEW YORK 10017-2413

TELEPHONE (212) 661-0066  
FACSIMILE (212) 661-0415

July 23, 2007

<u>*Via* Hand Delivery and Fax</u>  
Honorable Charles L. Brieant  
United States District Judge  
United States Courthouse  
300 Quarropas Street  
White Plains, New York 10601

Re: **United States v. Don May**  
<u>**Docket No. 07 Cr. 316 (CLB)**</u>

Dear Judge Brieant:

     I have just received the government's letter in connection with tomorrow's sentencing proceeding with respect to my client Don May and write briefly in response with respect to a particular argument raised by the government.

     In the last paragraph on page two of its letter, government counsel raises doubts about "the veracity of [Mr. May's] self-reporting" during the psychological assessments of the defendant – and therefore the conclusions reached in such assessments – to which I have referred in the defendant's sentencing memorandum. The argument may be directly refuted by the following facts:

     1. Dr. Krueger, in his report (p. 7), explicitly refers to Mr. May's admissions both that he had entertained homosexual fantasies and that he had visited with prostitutes on a number of occasions.

     2. As the probation report reflects, Dr. Berrill explicitly reached his conclusions about the psychological reasons for Mr. May's conduct (and his fundamental conclusion that Mr. May is not a pedophile) after explicitly observing that "Mr. May was less than forthcoming" about his sexual arousal to and frequency of sexual fantasies about the sexual behaviors examined".

     3. Abundant objective evidence exists to support the fundamental point that Don May has been truthful in his assertion that he has never engaged in sex with children, or attempted or fantasized about doing so. This evidence includes the plethysmograph to which Dr. Krueger refers (which in fact tested Mr. May as to the entire gamut of his sexual fantasies); the objective Abel Assessments administered by independently by Drs. Krueger and Berrill; the polygraph examination that he took and passed; the utter absence on his computer of any searches or other

Honorable Charles L. Brieant
July 23, 2007
Page Two

attempts to contact children; and the numerous observations of parents, co-coaches and others attesting to his utterly positive relationship with children.

    4. All three of the experts who have evaluated Mr. May are men of unquestioned experience in the field of diagnosing and treating pedophilia. All three are men of unquestioned integrity. There is simply no basis for believing that Mr. May was able to pull the wool over the three sets of experienced eyes who carefully scrutinized his conduct. Moreover, although we respectfully differ with the United States Probation Office in its recommendation of a sentence in this matter, it is apparent that the probation officer carefully considered the thoroughness of their reports, as well as the conclusions of these experts, in recommending a sentence well below the guideline range.

    On the basis of all of the factors summarized above, as well as the other arguments that I have made in the defendant's sentencing submission, I respectfully submit that the psychological assessments of the defendant are entirely accurate in their fundamental conclusion that Mr. May downloaded child pornography for psychological reasons stemming from the clinical depression from which he suffered and the substance abuse associated with such depression and not because of any sexual interest in children. Under the circumstances presented in this case, I respectfully renew and re-affirm my respectful contention that, the Court may, in this unusual case, properly impose a probationary sentence upon Mr. May.

Respectfully submitted,

Henry Putzel, III

cc (*Via* fax):   Richard C. Tarlowe, Esquire
                  Mr. Don May