

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

July 23, 2007

BY HAND

The Honorable Charlies L. Brieant
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    United States v. Don May, 07 Cr. 316 (CLB)

Dear Judge Brieant:

      The Government respectfully submits this letter in response to the defendant's sentencing memorandum dated July 13, 2007, in connection with the sentencing scheduled for July 24, 2007. On April 18, 2007, the defendant pleaded guilty to possessing, on his computer, 147 video files and 37 still image files containing images of child pornography. The Government contends that in the defendant's case, a sentence within the Guidelines range of 78-97 months is sufficient but not greater than necessary, given (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (B) to afford adequate deterrence to criminal conduct. See 18 U.S.C. §§ 3553(a)(1), (2)(A)-(B).

I.    Guidelines Calculation

      Pursuant to a plea agreement dated April 9, 2007, the Government and the defendant have agreed that the applicable Sentencing Guidelines range is 78-97 months, based on an offense level of 28 and criminal history category I. Probation has reached the same determination. See PSR ¶ 86.

II.    Section 3553(a) Factors

      The defendant's offense is a serious crime, deserving of a substantial term of imprisonment to reflect the seriousness of the offense, promote respect for the law, and provide just punishment and deterrence. The defendant did not just view photographs of child pornography on the Internet, but paid a membership fee to a subscription-based child pornography site with a credit card and affirmatively downloaded videos and pictures onto his personal computer. As the defense points out in its submission, the defendant appears to have downloaded most of these videos and pictures over the course of just a few days. However, he

still possessed 147 video files and 37 image files on his computer nine months later when agents executed a search warrant at his home. Some of these images were graphic and disturbing in nature. As described in the PSR, the images and video clips included depictions of: minor-aged and prepubescent females engaged in simulated and actual sexual acts, including fellatio and intercourse, with adult males; adult females sexually abusing children; children engaged in sexual acts with other children; and a naked, prepubescent female being tied up and sexually abused by an adult male. See PSR ¶ 17.

Although the defendant pled guilty to possession of child pornography rather than distribution, his paid membership to a child pornography web site perpetuated the victimization of children by supporting a marketplace for child pornography.[1] Moreover, child pornography is a permanent record of the sexual abuse of a child victim, and each time an Internet user downloads child pornography, he is perpetuating the victimization of the minor appearing in the pornography. Indeed, Congress made a specific finding, in connection with the recent passage of the Adam Walsh Child Protection and Safety Act of 2006, P.L. 109-248, 120 Stat. 587 (2006), that "[e]very instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse." Id. at § 501(2)(D). As described in the PSR, this is precisely how one of the victims who was depicted in images possessed by the defendant feels every time someone, like the defendant, views images of the sexual abuse she endured as a child. See PSR ¶ 19. In addition, the Guidelines justifiably provide for an enhancement where the defendant uses a computer in connection with the offense because computers present particular harms with respect to child pornography: "Distributing child pornography through computers is particularly harmful because it can reach an almost limitless audience. Because of its wide dissemination and instantaneous transmission, computer-assisted trafficking is also more difficult for law enforcement officials to investigate and prosecute." H.R. Rep. No. 104-90, at 3-4 (1995), reprinted in 1995 U.S.C.C.A.N. 759, 760-61.

As described in the defense submission, the defendant is a highly-educated, successful professional. It is hard to imagine that someone in his position did not appreciate the seriousness of his conduct and how it would contribute to the proliferation of child pornography and the continued victimization of innocent children. Moreover, although the defense relies on the conclusions set forth in various psychological assessments, those assessments depend, at least in part, on self-reporting by the defendant. The psychological reports describe the defendant's sexual history and interests, but do not address the e-mails found on his computer that reflect explicit e-mail exchanges with other men about arranging meetings for sex. This raises some question about the veracity of his self-reporting during those assessments and the validity of the conclusions reached by the psychological experts.

---

[1] The distinction between the distribution of child pornography and possession of child pornography is reflected both statutorily and in the Guidelines. If the defendant had been convicted of the receipt and distribution of child pornography, as opposed to the possession of child pornography, he would have been subject to a five year mandatory minimum term of imprisonment and a higher Guidelines range. See 18 U.S.C. § 2252A(a)(2), U.S.S.G. § 2G2.2(a).

2

        For the foregoing reasons, the Government respectfully submits that a term of imprisonment within the Guidelines range of 78-97 months would constitute a sentence that is sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

        Very truly yours,

        MICHAEL J. GARCIA
        United States Attorney

By: *[signature]*
        Richard C. Tarlowe
        Assistant United States Attorney
        (914) 993-1963

cc: Henry Putzel III, Esq. (By Fax)