# MEMORANDUM



TO:   HONORABLE Lisa Margaret Smith
       U.S. Magistrate Judge

FROM:   Vincent B. Adams
        United States Pretrial Services Officer

                                           RE:   May, Don

                                         DOCKET #: 7-07-CR-316

The attached memorandum prepared by Pretrial Services Officer

    Vincent B. Adams                (914) 390-4139

will present to Your Honor significant details about the Bail Conditions which were imposed on the above-named defendant.

We are requesting direction from the court. Please initial the appropriate box(es) and return this form to us so that we may comply with your instructions.

[ ]   I have reviewed the information that your have supplied. I do not believe that this matter requires any action by the Court at this time.

[ ]   Please inform all parties concerned that I will conduct a Bail Review Hearing on 8/9 at ASAP
                                                                        DATE   TIME

[ ]   I direct that a bench warrant be issued for the defendant in this matter.

[ ]   Please advise the court of the outcome in this matter.

[ ]   So ordered _____ 8/9/07

**COMMENTS:**



# M E M O R A N D U M

**To:**   HONORABLE LISA MARGARET SMITH
U.S. Magistrate Court Judge

**From:**   Vincent B. Adams
Pretrial Services Officer

**Re:**   May, Don  (Electronic monitoring violation)
7:07-CR-316-1

**Date:**   August 9, 2007

This matter was referred to Your Honor as Judge Brieant is out of the district.

On 10/6/06, the defendant surrendered on charges of Possession of Child Pornography.  On that same date, he appeared before Your Honor and was ordered released on  $250,000 unsecured bond to be cosigned by 1 FRP by 10/11/06.  The Court imposed many special conditions of bail, however, for purposes of this memorandum PSA will focus on the computer restrictions.  The Court imposed the following computer-related conditions:

* Defendant is authorized  to use only one designated computer, a laptop approved by Pretrial, for work purposes.  He may have access to the Internet on this computer provided he consents to computer monitoring software being installed and reviewed by Pretrial.
* The defendant's family is permitted use of one additional computer in the home that will have access to the Internet.  However, that computer must also have monitoring software installed by Pretrial and the defendant is not permitted to use that computer or any other computer in his home or at work.
* All other computers in defendant's home must be disabled of use and Internet capability. Pretrial has the authority to inspect those computers to assure and/or enforce this condition by a means they find appropriate.
* Pretrial is authorized to conduct random and unannounced visits to the defendant's employment and home to ensure the bail and computer conditions are complied with.
* The defendant is not permitted Internet access through any electronic devices, although he may access emails via his PDA, and he may not purchase Internet services for any such devices.  His PDA will be subject to inspection by Pretrial.

On 4/18/07, the defendant appeared before Your Honor and was arraigned on a felony information and pled not guilty.   The case was assigned to the United States District Judge Charles L. Brieant for all purposes.   Later on 4/18/07, the defendant appeared before Your Honor for a change in plea hearing.  The defendant withdrew his previously entered plea of not guilty and entered a plea of guilty.   The defendant's bail was continued.

On 7/24/07, the defendant appeared before United States District Judge Charles L. Brieant for sentence.   The Court sentenced the defendant to 2 years of imprisonment, 3 years of supervised release, and a fine in the amount of $12,500.00.  In addition, the Court ordered that the defendant surrender to the Bureau of Prison on 10/22/07.  The defendant's bail was continued.

On 8/8/07, this writer received a call from the electronic monitor company advising the defendant's bracelet was opened.    This writer contacted the defendant about his electronic monitoring bracelet being opened and the defendant advised this writer that nothing was wrong with his bracelet. This writer advised the defendant to report to PSA on 8/9/07.

On 8/9/07, the defendant reported to PSA as directed.  Upon inspection of the defendant's electronic monitor bracelet, this writer noticed that the bracelet was cut in several places and the bracelet was held up on his ankle by using a knee brace.  This writer made further inquiry into this matter and the defendant reported that the bracelet became frayed yesterday and the bracelet started bothering his leg, so he cut it and placed a knee brace on his leg to hold the bracelet in place.

PSA is submitting this memo for Your Honor's information and respectfully requests a hearing as soon as possible to address this matter.